UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

JEFFREY BERGER

                **Plaintiff,**

   -against-

ZWICKER & ASSOCIATES, P.C.

                **Defendant.**

---------------------------------------------------------------------X

Case No.: _____

**DEMAND FOR A JURY TRIAL**

## COMPLAINT

Plaintiff Jeffrey Berger bring suit against Defendant, Zwicker & Associates, P.C., a debt collection law firm, for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.,* and in support would show as follows.

## PRELIMINARY STATEMENT

1. Mr. Jeffrey Berger ("Mr. Berger") brings this civil action against Zwicker & Associates, P.C. ("Defendant Zwicker") for seeking to collect a debt that was not legally owed, for engaging in unfair practices in seeking to collect a debt not lawfully owed, and for unfairly and unduly prolonging its debt collection litigation. Defendant Zwicker's unfair practices subjected Mr. Berger to unnecessary litigation causing him distress, missed days of work, and forced him to litigate Defendant Zwicker's claims even after Mr. Berger repeatedly provided proof to Defendant Zwicker that the debt was not owed.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq.* ("FDCPA").

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

4. Plaintiff Jeffrey Berger ("Mr. Berger") is a natural person residing in Staten Island, New York.

5. Mr. Berger is the son-in-law and attorney-in-fact pursuant to a power of attorney of non-party Clara Cordero, a consumer.

6. Ms. Cordero is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA. Ms. Cordero was alleged to owe a debt arising from a personal credit card account incurred for personal and household expenses.

7. Pursuant to a power-of-attorney executed on or about May 5, 2016, Mr. Berger was empowered to handle all claims and litigation on behalf of Ms. Cordero.

8. Mr. Berger was the subject of Defendant Zwicker's unlawful collection activities. Mr. Berger, on behalf of Ms. Cordero, received notice of the lawsuit and appeared in court to defend the lawsuit in response to such notice.

9. Defendant Zwicker is a law firm regularly engaged in the business of collecting debts in New York State.

10. Defendant Zwicker is a "debt collector" within the meaning of § 1692a(6) of the FDCPA.

11. Defendant Zwicker has filed thousands of lawsuits on behalf of putative creditors for the collection of consumer debts.

12. Defendant Zwicker's principal place of business in New York is located at 100 Corporate Woods, Suite 230, Rochester, NY 14623.

## STATEMENT OF FACTS

13. Non-party Clara Cordero established a credit account with non-party American Express Centurion Bank ("American Express") in or around May 2006. This account ended in the numbers xxxx[1].

14. Ms. Cordero utilized this credit account and continually received statements from American Express to her address in Topeka, Kansas, where she has resided for her entire life.

15. In or around 2015, Ms. Cordero, due to her deteriorating health and limited income, defaulted on the account.

16. Subsequent to her default on the account, Ms. Cordero began to receive calls from American Express Centurion Bank concerning the outstanding balance. These calls caused Ms. Cordero distress.

17. In order to alleviate her distress, Mr. Berger contacted American Express via telephone on Ms. Cordero's behalf, attempting to negotiate a settlement of the account. Mr. Berger was unable to reach a satisfactory settlement with American Express.

18. Thereafter, in or around October 2015, Elite Recovery Services, Inc. ("Elite"), on behalf of American Express, contacted Ms. Cordero about the outstanding account. At this time, American Express alleged that Ms. Cordero owed approximately $10,218.45.

19. Mr. Berger, on behalf of Ms. Cordero, contacted Elite and negotiated a settlement to resolve the outstanding account.

20. Mr. Berger negotiated a settlement whereby Ms. Cordero would make a single, lump sum payment in the amount of $5,360 to fully resolve the debt.

---

[1] In order to protect confidential information, the numbers here have been redacted and are available for in camera review upon request.

21. On or about October 19, 2015, Mr. Berger purchased a money order in the amount of $5,360 on behalf of Ms. Cordero using funds contributed by Ms. Cordero's husband as well as his own funds.

22. Mr. Berger mailed the money order to Elite as per the terms of the settlement.

23. On or about November 9, 2015, Elite responded by letter confirming receipt of the payment. The letter, addressed to Ms. Cordero's attention, was mailed to Mr. Berger at his address on Staten Island. The letter specified that the settled account related to the American Express account ending in xxxx.

24. Mr. Berger was appointed as Ms. Cordero's attorney-in-fact pursuant to a Kansas statutory power of attorney form on or about May 5, 2016. Mr. Berger was appointed Ms. Cordero's power of attorney because of her diminished capacity to handle her financial affairs due to her advancing age and diminished mental capacity.

25. On or around June 2, 2017, American Express, through its counsel, Defendant Zwicker, filed suit in New York City Civil Court, Richmond County against Clara Cordero seeking to recover $10,218.45 on the putative American Express debt ending in xxxx. *American Express Centurion Bank v. Clara Cordero,* CV-002206-17/RI ("collections lawsuit").

26. Defendant Zwicker has filed thousands of debt collection actions in the New York State courts. According to the New York State eCourt system, Defendant Zwicker filed 2,732 collection lawsuits in New York City alone in 2017.

27. Though Ms. Cordero resides in Topeka, Kansas and has never resided in New York State, Defendant Zwicker filed the collections lawsuit in Richmond County, New York.

28. The address listed on the American Express billing statements contains Ms. Cordero's address in Topeka, Kansas.

29. Defendant Zwicker, through a process server, delivered the summons and complaint to Mr. Berger at his address on Staten Island.

30. The summons and complaint named Ms. Cordero as the Defendant, but listed Mr. Berger's address as the Defendant's address.

31. As a result of receiving the summons and complaint, Mr. Berger interposed an answer in the collection lawsuit on behalf of Ms. Cordero on or about June 29, 2017. Mr. Berger, on Ms. Cordero's behalf, raised the defense that "it [the debt] was settled" in responding to the collections lawsuit.

32. The collections lawsuit caused Mr. Berger stress and anxiety. Mr. Berger knew that because of his mother-in-law's poor health and fragile mental state she would be very distressed to learn of the collections lawsuit. Mr. Berger was afraid that Defendant Zwicker would seek to collect money already paid to American Express from Ms. Cordero, and harass her in an attempt to collect the debt.

33. Mr. Berger also felt obligated to respond to the collections lawsuit because he was served with the summons and complaint and because of the duties he had undertaken as Ms. Cordero's attorney-in-fact.

34. Subsequent to filing an answer in the collections action, Mr. Berger appeared for a pretrial conference on or about July 11, 2017, as did Defendant Zwicker.

35. At this conference, Mr. Berger spoke with the attorney for Defendant Zwicker and informed Defendant Zwicker that this debt already had been paid. Mr. Berger provided Defendant Zwicker with a copy of the letter from Elite confirming receipt of the settlement payment. Defendant Zwicker requested that Mr. Berger provide additional proof of the settlement payment. Defendant Zwicker requested an adjournment to

investigate the matter further. The matter was adjourned for a second conference for October 17, 2017.

36. After the first conference, Mr. Berger travelled to Topeka, Kansas, where Ms. Cordero resides, to obtain a copy of the receipt from the purchase of the money order. Ms. Cordero was not able to locate the receipt, and was not able to search her papers to find the correct document due to her health and ongoing medical issues. Mr. Berger therefore travelled to Topeka so that he could search Ms. Cordero's files himself to locate additional proof of the settlement.

37. Mr. Berger undertook this trip because he was distressed at the prospect of having to pay a debt that already had been paid, and in order to comply with Defendant Zwicker's directive.

38. Mr. Berger was able to find the receipt after searching through boxes of paperwork stored in Ms. Cordero's basement.

39. On or about October 17, 2017, Mr. Berger appeared for a second conference on the collections lawsuit. Mr. Berger again spoke to Defendant Zwicker, and provided Defendant Zwicker with a copy of the receipt for the money order.

40. On this date, the court adjourned the case for January 30, 2018, after Defendant Zwicker claimed that it did not have any record of the payment and needed even more time to investigate the payment.

41. Shortly thereafter, on or about December 15, 2017, Defendant Zwicker filed a motion for summary judgment. Defendant Zwicker moved seeking a judgment for $10,218.45 - the full complained amount without any credit of payments made toward the debt.

42. Upon information and belief, Defendant Zwicker did not conduct any investigation into the account or the allegation of payment even after the receipt of two separate documents demonstrating that the debt had been paid and settled in full.

43. By motion, Defendant Zwicker stated that the last payment on the account was made on October 1, 2015, in the amount of $500, despite the fact that Mr. Berger had provided evidence of a payment made on or around October 19, 2015. Defendant Zwicker alleged that annexed to the motion was a billing statement showing the most recent payment; however, no statement showing the October 19, 2015 payment is annexed.

44. Defendant Zwicker stated in the motion for summary judgment the outstanding balance on the account was $10,218.45; the same amount allegedly owed before the October 19, 2015 payment.

45. The motion for summary judgment attached as exhibits a series of bank statements concerning account xxxx, the same account referenced in the letter from Elite confirming the payment. Each statement is addressed to Clara Cordero and the address on each statement is an address in Topeka, Kansas.

46. Defendant Zwicker alleges in the motion that American Express sent one or more account statement to Defendant on or about April 15, 2016. Upon information and belief, Ms. Cordero never received any statements form American Express after Mr. Berger paid the October 19, 2015 payment.

47. Further, the statements of account annexed to the motion for summary judgment by Defendant Zwicker misrepresent the amount allegedly owed by Ms. Cordero in October 2015.

48. When the underlying account was settled in or around October 2015, the alleged balance at that time was $10,215.45. The putative account statement with closing date of October 16, 2015, alleges a balance owed of $9,341.27.

49. The collections lawsuit complaint dated May 25, 2017, alleges damages of $10,215.45. In or around October 2015, the Elite collection letter reflects claimed damages in the amount of $10,215.45.

50. The subsequent five billing statements dated November 15, 2016, through April 15, 2016, attached to Defendant Zwicker's motion for summary judgment, reflected continued accrual of interest and penalty charges. By motion, Defendant Zwicker alleged damages of $10,215.45 as of April 2016, which is reflected on the putative account statement dated April 15, 2016.

51. On or about January 30, 2018, Mr. Berger appeared for a third pretrial conference and on the return date for Defendant Zwicker's motion for summary judgment. After conferencing the case, the court adjourned the matter because Defendant Zwicker would not accept Mr. Berger's proof of payment without Mr. Berger submitting the proof in the form of an opposition to Defendant Zwicker's motion for summary judgment.

52. On or about March 1, 2018, Ms. Cordero, through her attorney-in-fact, Mr. Berger, retained the New York Legal Assistance Group ("NYLAG") to represent Ms. Cordero in the collections action.

53. NYLAG opposed the motion for summary judgment filed by Defendant Zwicker, and cross-moved for summary judgment on the basis that Defendant Zwicker was pursuing a debt that already had been settled and was no longer owed. In moving for summary judgment, NYLAG presented the same evidence of payment that Mr. Berger had

previously presented to Defendant Zwicker; namely, a copy of the letter from Elite confirming receipt of payment and a copy of the receipt for the money order used to pay the settlement.

54. On or about March 19, 2018, NYLAG received a notice from Defendant Zwicker that it would voluntarily discontinue the action with prejudice.

55. On or about March 20, 2018, the court marked the collections lawsuit discontinued.

56. As a result of having to return to court multiple times, Mr. Berger repeatedly had to miss work and use vacation leave in order to attend court on Ms. Cordero's behalf.

57. Mr. Berger, in an effort to comply with Defendant Zwicker's directive that he had to produce additional proof of the settlement, traveled by car to Topeka, Kansas in order to obtain a receipt for the money order that he had purchased and sent to Elite to settle the outstanding account.

58. Defendant Zwicker's actions, and its insistence on pursing a collection action for a debt that was no longer owed, as well as Defendant Zwicker's refusal to discontinue the action even after presented with proof that the debt had been settled and paid caused Mr. Berger to suffer emotional distress, including feelings of frustration, anxiety, anger, and hopelessness.

59. Defendant Zwicker's failure to conduct any inquiry or investigation into the status of the account after being presented with proof that the debt underlying the collections action already had been paid needlessly prolonged the debt collection proceeding.

60. Had Defendant Zwicker conducted any sort of investigation, Mr. Berger would have been spared needless trips to court, with the accompanying emotional distress.

**FIRST CAUSE OF ACTION**
**FDCPA, 15 U.S.C § 1692**

**Against Defendant Zwicker**

61. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

62. Defendant Zwicker violated the FDCPA, 15 U.S.C §§ 1692e and 1692f and by claiming an amount of money that was not legally owed, making false and misleading representations, and unlawfully prolonging litigation. Defendant Zwicker's violations include, but are not limited to:

    a. Seeking to collect money that was not legally owed;

    b. Falsely representing to the court and to Mr. Berger that Ms. Cordero owed an amount that was not legally owed;

    c. Unfairly and unduly prolonging litigation by persisting in prosecuting the debt collection lawsuit and adjourning the case multiple times even after being presented with proof that the debt had been settled and paid.

    d. As a direct and proximate result of Defendant Zwicker's violations, Plaintiffs are entitled to actual and statutory damages, costs, and attorneys' fees.

**JURY DEMAND**

63. Plaintiff demands a trial by Jury.

**PRAYER**

64. WHEREFORE, Plaintiff request the following relief:

65. A declaration that Defendant Zwicker has committed the violations of law alleged in this action;

66. Statutory damages under 15 USC § 1692k;

67. An order awarding disbursements, costs, and attorney's fees under 15 U.S.C. § 1692k;

68. A judgment for actual, statutory, and exemplary damages;

69. Prejudgment and post judgment interest as allowed by law;

70. Such other and further relief as to the Court may appear just and proper.


Dated: New York, New York
       May 22, 2018

                                          Respectfully submitted,
                                          BETH GOLDMAN, ESQ.
                                          NEW YORK LEGAL ASSISTANCE GROUP
                                          7 Hanover Square, 18th Floor
                                          New York, NY 10004

                                          By: /s/ Sarah Rosenthal
                                          Sarah Rosenthal, Of Counsel
                                          Attorney for Plaintiff Jeffrey Berger
                                          Phone: 212-613-6557
                                          Fax: 212-714-7318
                                          Email: srosenthal@nylag.org


                                          By: /s/ Shanna Tallarico
                                          Shanna Tallarico, Of Counsel
                                          Attorney for Plaintiff Jeffrey Berger
                                          Phone: 212-613-6555
                                          Fax: 212-714-7591
                                          Email: stallarico@nylag.org